UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DERRELL J. CHAMBLEE,

      Petitioner,

v.                                       Case No.  3:15cv483/LC/CJK

JULIE L. JONES,

      Respondent.
_____/

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

Petitioner, represented by counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1).  Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record (doc. 13).  Petitioner opposes the motion (doc. 14).  Respondent filed a reply to petitioner's response (doc. 15), and petitioner surreplied (doc. 16).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District

Courts.   The undersigned further concludes that the pleadings and attachments

before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial, petitioner was convicted of one count of racketeering

(RICO) and twenty-five counts of grand theft in Okaloosa County Circuit Court Case

No. 08-CF-2074.  (Doc. 13, Exs. B, C).[1]  Petitioner was sentenced to a total term of

25 years imprisonment.  (Ex. C).[2]  Judgment was rendered September 16, 2010.  (Ex.

C).   On August 8, 2012, the Florida First District Court of Appeal (First DCA)

affirmed petitioner's judgment and sentence but struck certain monetary

assessments.  *Chamblee v. State*, 93 So. 3d 1184 (Fla. 1st DCA 2012) (copy at Ex.

G).   In particular, the First DCA struck a $225.00 assessment imposed under Fla.

Stat. § 938.05, and reduced it to $200.00; struck a $50.00 fine with the provision that

"[o]n remand the trial court may re-impose this fine after making appropriate

findings"; and struck a $20.00 surcharge.  (Ex. G).  The court's concluding paragraph

stated:  "We strike these three court costs and remand with instructions to the trial

court to apply the 2003 versions of the statutes.   We affirm the judgment and

---

[1] The jury found petitioner guilty of 28 counts of grand theft as charged in the third amended information (Exs. A, B), but the trial court granted a judgment of acquittal for three counts (Counts 11, 25 and 26).

[2] All references to exhibits are to those provided at Doc. 13, unless otherwise noted.

sentence in all other respects." (Ex. G). Petitioner did not move for rehearing, and the mandate issued August 24, 2012. (Ex. G). Petitioner did not petition for certiorari in the United States Supreme Court. (Doc. 1). The state circuit court took no action on the DCA's remand instructions.

On October 23, 2012, petitioner filed a counseled motion for reduction of sentence under Florida Rule of Criminal Procedure 3.800(c). (Ex. H). The state circuit court denied the motion on November 29, 2012. (Ex. I).

On May 20, 2014, petitioner filed a counseled motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 (Ex. J), which he later amended (Ex. L). The state circuit court dismissed petitioner's original and amended motions with leave to amend. (Ex. M). Petitioner filed a counseled second amended Rule 3.850 motion on October 13, 2014. (Ex. N, pp. 1-51). The state circuit court denied relief. (Ex. N, pp. 52-133). The First DCA per curiam affirmed without a written opinion. *Chamblee v. State*, 172 So. 3d 871 (Fla. 1st DCA 2015) (Table) (copy at Ex. R). The mandate issued September 18, 2015. (*Id*.). Petitioner filed his counseled federal habeas petition on October 28, 2015. (Doc. 1).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the

AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending".  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not

have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Respondent asserts that petitioner's conviction became final under § 2244(d)(1)(A) on November 6, 2012, which is ninety days from the date the First DCA issued its opinion on direct review.  (Doc. 13, pp. 4-5).  Respondent allows petitioner statutory tolling for the time his Rule 3.800(c) motion was pending (October 23, 2012, through November 29, 2010), and argues that petitioner's time to file his federal habeas petition expired on November 29, 2013.  (*Id.*, p. 5).

Petitioner responds that his petition is not untimely because "[t]he trial court did not comply with the mandate of the District Court of Appeals and the conviction was never made final."  (Doc. 14, p. 5).  According to petitioner, "[t]he one-year statute of limitations imposed by the federal law did not begin to run because the state proceedings were not completed.  28 U.S.C. § 2244(d)(2)."  (Doc. 14, p. 5).  Petitioner then goes on to argue that the federal habeas limitations period commenced upon the state court's "final denial of the post-conviction relief motion", which, according to petitioner, was September 21, 2015.  (Doc. 14, p. 6).  Calculated this way, petitioner contends, "[o]nly 37 days of the federal one-year limitations ever

expired."  (*Id*.).  Respondent's reply (doc. 15) and petitioner's surreply (doc. 16) focus on whether, under Florida law, the trial court's failure to act on the issue of costs after the First DCA's mandate affected the finality of petitioner's criminal judgment.

Through a line of cases, the United States Supreme Court has made clear that federal law, not state law, determines when a state court conviction is final for purposes of § 2244(d)(1)(A).  In *Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003), the Court addressed the issue of "finality" in the context of federal prisoners seeking habeas relief under 28 U.S.C. § 2255.  The Court rejected "the issuance of the appellate court mandate as the triggering date" and held that the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Id*. at 525.  The Court explained that "[f]inality is variously defined [and] like many legal terms, its precise meaning depends on context."  *Id*. at 527.  However, when the "relevant context is postconviction relief, . . . finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires."  *Id*.

To reach its conclusion regarding finality for federal prisoners, the Court compared the language in § 2255 to that of § 2244 – the statute at issue in this case. The Court observed that "[t]he Courts of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by this Court." *Id*. at 528 n.3.  When comparing § 2255's one-year limitations period with that of § 2244, the Court explained:

> [O]ne can readily comprehend why Congress might have found it appropriate to spell out the meaning of "final" in § 2244(d)(1)(A) but not in § 2255.  Section 2244(d)(1) governs petitions by state prisoners. In that context, a bare reference to "became final" [as exists in § 2255] might have suggested that finality assessments should be made with reference to state law rules that may differ from the general federal rule and vary from State to State.  The words "by the conclusion of direct review or the expiration of the time for seeking such review" make it clear that *finality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule*.

*Id*. at 530-31 (emphasis added).

In *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 172 L. Ed. 2d 475 (2009), the Supreme Court determined when a state court judgment became final for purposes of § 2244(d)(1)(A).  The Court stated:  "the finality of a state-court judgment is expressly defined by [federal] statute as 'the conclusion of direct review or the expiration of the time for seeking such review.'  § 2244(d)(1)(A)." *Jimenez*, 555 U.S. at 119.  Discussing *Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003), the Supreme Court stated:

With respect to postconviction relief for federal prisoners, this Court has held that the conclusion of direct review occurs when "this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari." We have further held that if the federal prisoner chooses not to seek direct review in this Court, then the conviction becomes final when "the time for filing a certiorari petition expires." In construing the similar language of § 2244(d)(1)(A), we see no reason to depart from this settled understanding, which comports with the most natural reading of the statutory text. As a result, direct review cannot conclude for purposes of § 2244(d)(1)(A) until the "availability of direct appeal to the state courts," and to this Court, has been exhausted.

*Jimenez*, 555 U.S. at 119 (citations omitted).

Finally, and most recently, the Supreme Court held in *Gonzalez v. Thaler*, —

U.S. —, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012), that § 2244(d)(1)(A) operates this

way:

The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong – the "conclusion of direct review" and the "expiration of the time for seeking such review" – relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review" – when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" – when the time for pursuing direct review in this Court, or in state court, expires.

132 S. Ct. at 653-54.

Petitioner admits that he did not seek direct review of his criminal judgment

in the United States Supreme Court. (Doc. 1, p. 4). Thus, petitioner's judgment

became final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review in the United States Supreme Court, or in state court, expire[d]."  *Gonzalez*, 132 S. Ct. at 654.

The parties do not assert, nor does it appear, that petitioner could have sought direct review of his criminal judgment in the Florida Supreme Court.  *See* Fla. R. App. P. 9.030(a)(2) (describing those orders and decisions that the Florida Supreme Court may review pursuant to its discretionary jurisdiction, none of which apply here).  Because discretionary review in the Florida Supreme Court was not available to petitioner, his criminal judgment became "final" for purposes of § 2244(d)(1)(A) when the time for seeking direct review in the United States Supreme Court expired. *Gonzalez, supra*.  Petitioner's time for filing a petition for certiorari in the United States Supreme Court expired on November 6, 2012 – ninety days after entry of the First DCA's August 8, 2012 decision.[3]  *See* Sup. Ct. R. 13.1 (providing that "a

---

[3] Had discretionary review in the Florida Supreme Court been available to petitioner, his failure to appeal to that court would result in his judgment being considered final for purposes of § 2244(d)(1)(A) when the time for seeking review in the Florida Supreme Court expired, which is **30 days** from rendition of the First DCA's August 8, 2012 order.  *See* Fla. R. App. P. 9.120(b), and 9.020(h).  In that instance, petitioner would not be entitled to the 90-day period for filing a certiorari petition in the United States Supreme Court, because the USSC would have lacked jurisdiction over a petition for certiorari from the First DCA's decision.  *See Gonzalez*, 132 S. Ct. at 654-56 (holding, as to state prisoner who had pursued a direct appeal of his murder conviction in the state's intermediate appellate court but had not pursued available discretionary review in the state's highest court after the intermediate appellate court affirmed his conviction, that the prisoner's state court judgment became final under § 2244(d)(1)(A), when the time for seeking discretionary review in state's highest court expired; the state prisoner was not entitled to the 90-day period for seeking certiorari in the United States Supreme Court because the USSC would

petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."; Sup.Ct. R. 13.3 (specifying that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."); *see also Gonzalez*, 132 S. Ct. at 655 (reaffirming that when a federal habeas petitioner forgoes certiorari in the United States Supreme Court, "we determine the 'expiration of the time for seeking [direct] review' from this Court's filing deadlines. . . ." (alteration in original)); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) ("The Florida appellate court affirmed Chavers' conviction on November 22, 2000, although the mandate was not issued until December 8, 2000.  The one-year statute of limitations period began to run 90 days from the earlier date, on February 20, 2001, because that is when the time for seeking Supreme Court review expired.").

Following federal law, petitioner's judgment became "final" for purposes of § 2244(d)(1)(A), on November 6, 2012.  The limitations period began to run the following day, on November 7, 2012, and expired one year later on November 7,

---

have lacked jurisdiction over a petition for certiorari from the intermediate appellate court's decision).
*Case No.3:15cv483/LC/CJK*

2013, in the absence of tolling.  *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period (applying Fed. R. Civ. P. 6(a)(1)); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

Respondent allows petitioner statutory tolling during the pendency of his Rule 3.800(c) motion for reduction of sentence (from October 23, 2012, to November 29, 2012).  (Doc. 13, p. 5).  The court accepts respondent's concession for the limited purpose of deciding her motion to dismiss, because it makes no difference to the outcome of this case.[4]  Allowing petitioner statutory tolling until November 29, 2012, the limitations period began to run on November 30, 2012, and expired one year later on December 2, 2013.[5]  *See* Fed. R. Civ. P. 6(a).  Petitioner's postconviction applications filed <u>after</u> the federal habeas limitations period expired

---

[4] The court's acceptance of respondent's concession does not imply that the court would resolve the issue the same way.  *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1297 (11th Cir. 2008) (holding that petitioner's Florida Rule of Criminal Procedure 3.800(c) motion was a request to reduce a legal sentence based on mercy or leniency and did not constitute an application for state post-conviction or other collateral review under § 2244(d)(2)); *Baker v. McNeil*, 439 F. App'x 786, 787-89 (11th Cir. Aug. 17, 2011) (*distinguishing Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011), and confirming the continued validity of *Alexander, supra*).

[5] November 30, 2013, was a Saturday.

do not qualify for statutory tolling.  *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (citing cases)); *see also Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner's federal habeas petition, filed on October 28, 2015, came almost two years after the limitations period expired and is time-barred.  Petitioner does not argue that he is entitled to equitable tolling or any exception to the limitations bar.  Petitioner's failure to timely file his federal habeas petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed,

even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is ORDERED:

1.  Respondent's motion to file a reply (doc. 17) is GRANTED to the extent respondent's reply (doc. 15) has been considered.

2.  Petitioner's motion to file a surreply (doc. 18) is GRANTED to the extent petitioner's surreply (doc. 16) has been considered.

And it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 13) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment and sentence in *State of Florida v. Derrell J. Chamblee*, Okaloosa County Circuit Court Case No. 08-CF-2074, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of September, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.